UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK J. SMITH, | Civil Action No. 19-6553(MCA) |
| Petitioner, | |
| v. | MEMORANDUM & ORDER |
| BRUCE DAVIS, et al., | |
| Respondents. | |

This matter has been opened to the Court by *pro se* Petitioner Frank J. Smith's letter request to "dismiss" his habeas Petition while he pursues additional state court remedies. ECF No. 9. It appearing that:

Petitioner is a convicted prisoner confined at East Jersey State Prison and has filed a habeas petition pursuant to 28 U.S.C. § 2254, challenging his state court conviction for First Degree Robbery and related offenses. In his current § 2254 Petition, Petitioner raises three grounds for relief. *See* ECF No. 1; 1-3. In Ground One, Petitioner contends that the trial judge erred in denying his severance motion. In Ground Two, Petitioner asserts ineffective assistance of counsel in connection with a suppression motion. In Ground Three, Petitioner contends that his counsel was ineffective for failing to file certain motions.[1] *See* ECF No. 1-3.

Respondents filed their Answer on October 21, 2019. ECF No. 6. Petitioner subsequently sought an extension of time to file his reply brief, which the Court granted. *See* ECF Nos. 7-8. On February 7, 2020, Petitioner submitted what appears to be a letter request to voluntarily dismiss his habeas petition so that he can exhaust state court remedies. ECF No. 9. Petitioner further

---

[1] Petitioner does not provide additional information about this claim.

alleges that the Appellate Division forwarded Petitioner an affidavit from the owner of the vehicle Petitioner was charged with stealing, and this new evidence supports a motion to suppress the evidence recovered from that vehicle. ECF No. 9.

It appears that the claim related to the affidavit, which potentially accrued later, is not included in Petitioner's current habeas Petition and is also unexhausted. Under the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). In sum, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir.1976)). The exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground

that is raised in the petition <u>to all three levels of the New Jersey courts</u>, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).

Even if the Court were to permit Petitioner to amend his Petition to include an unexhausted claim, federal district courts may not adjudicate mixed petitions, i.e. petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 273 (2005). Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause Petitioner to run afoul of the habeas statute of limitations, and lose his opportunity to seek federal habeas review. *See id.* at 275-76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.[2] In addition to the issues with exhaustion, Plaintiff must bring all the claims he wishes the Court to consider in one all-inclusive Petition, or risk losing his ability to bring those claims. *See Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000).

---

[2] If a stay is not warranted, the petitioner may elect to delete the unexhausted claims. *See Gould v. Ricci*, No. 10–1399, 2011 WL 6756920, at *3 (D.N.J. Dec. 19, 2011); if he does not delete the unexhausted claims, then the Court must either (a) dismiss the entire § 2254 petition as unexhausted, *id.* (citing *Rose v. Lundy*, 455 U.S. 509 (1982), or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). *See, e.g., Carrascosa v. McGuire*, 520 F.3d 249, 255 (3d Cir. 2008).

At this time, the Court will grant Petitioner's letter request to dismiss this matter without prejudice. The Court will, however, direct the Clerk of the Court to administratively terminate this action and will provide Petitioner with 45 days from his receipt of this Memorandum and Order to move to reopen this matter and seek a stay of § 2254 Petition that addresses the *Rhines* factors.[3] If the claim(s), Petitioner is seeking to exhaust is <u>not</u> included in his current Petition and he seeks federal habeas relief on that claim(s), Petitioner may also submit a motion to amend the Petition together with his motion to stay the Petition.[4] Petitioner is notified that if he does not seek to reopen and stay this matter, he may run afoul of the one-year limitations period for filing a federal habeas petition and may lose his opportunity to bring his habeas claims in federal court.

**IT IS** on this 27th day of September 2022,

**ORDERED** that Petitioner's letter request to dismiss this matter without prejudice, ECF No. 9, is **GRANTED**; and it is further

**ORDERED** that within 45 days of his receipt of this Memorandum and Order, Petitioner may file a motion to reopen and stay his § 2254 Petition, addressing the *Rhines* factors; and it is further

---

[3] That is, Petitioner should address whether he has "good cause for his failure to exhaust," whether his "unexhausted claims are potentially meritorious," and whether he has "engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

[4] A motion to amend a timely filed habeas petition "will be denied where it is filed after that period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of [Rule 15(c)]." *Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008). Under Rule 15(c), however, the statute of limitations will not bar amendment if the proposed amendment and original pleading arise out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c)(1)(B). In this situation, the amendment is said to "relate back" to the date of the original pleading. *See id*. The Court makes no determination about whether Petitioner's unexhausted claim(s) is cognizable in a federal habeas proceeding or whether he can meet the standard to amend his Petition under Fed. R. Civ. P. 15.

**ORDERED** that if the claim Petitioner seeks to exhaust in state court is not included in his habeas Petition and Petitioner seeks federal habeas relief on that claim, he may also file a motion to amend the Petition within 45 days of his receipt of this Memorandum and Order; and it is further

**ORDERED** that if Petitioner does not file a motion to reopen and stay the petition within the timeframe provided, Petitioner may lose the opportunity to bring his claims in federal court; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter; and it is further

**ORDERED** that that the Clerk shall send a copy of this Memorandum & Order to Petitioner at the address on file.

                                                s/Madeline Cox Arleo_____
                                                Hon. Madeline Cox Arleo
                                                United States District Judge